Filed 5/10/22  P. v. Torricellas CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>THERESA TORRICELLAS,<br><br>  Defendant and Appellant. | D079747<br><br><br>(Super. Ct. No. CR72156) |

APPEAL from an order of the Superior Court of San Diego County, Howard H. Shore, Judge.  Affirmed.

Theresa Torricellas, in pro. per; and Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1985, Appellant pleaded guilty to second degree murder (Pen. Code,[1] § 187, subd. (a)) and admitted the use of a gun (§ 12022, subd. (a)).  Appellant was sentenced to an indeterminate term of 16 years to life in prison.

---

[1]    All further statutory references are to the Penal Code.

In 2019, Appellant filed a petition for resentencing pursuant to section 1170.95. After the appointment of counsel, the petition was summarily denied. Appellant appealed the denial of her petition, and this court affirmed the order in an unpublished opinion, *People v. Torricellas*, D077815 (June 25, 2021).[2] Appellant's petition for review was denied by the California Supreme Court on September 15, 2021 (S270274).

In October 2021, Appellant filed a second petition for resentencing under section 1170.95. In November 2021, the trial court denied the second petition on the grounds the petition was repetitive, and the earlier denial had been upheld on appeal.

Appellant filed a timely notice of appeal from the denial of the second petition.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Appellant the opportunity to file her own brief on appeal. Appellant has responded with a lengthy submission (61 pages of brief and 47 pages of exhibits). We will discuss the submission later in this opinion.[3]

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel

---

[2]    We grant appellant's request for judicial notice of this court's record in case No. D077815.

[3]    The facts of the offense are not relevant to the resolution of this appeal. We will omit a statement of facts.

has identified the following possible issue which was considered in evaluating the potential merits of this appeal.  Whether it was error for the trial court to deny the petition under section 1170.95 on the grounds a previous petition had been filed and denied.

In her lengthy brief, Appellant argues many issues.  She claims the law of the case doctrine did not apply here because she raised new issues in her second petition and her separate habeas petition.  She contends the prosecution violated her 1985 plea agreement by using her statements, under oath at the time of the plea, in the review of her 2019 petition.  She claims the statements she made were false and were only made to accomplish the guilty plea.

Appellant claims her trial counsel, counsel on the first petition, and counsel in the earlier appeal were all ineffective and some committed fraud.  While Appellant raises many "issues," she has not identified any arguable issues for reversal on appeal based on this record.

We have reviewed the entire record as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Appellant on this appeal.

## DISPOSITION

The order denying Appellant's second petition for resentencing under section 1170.95 is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.